# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0239V
Filed: November 23, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| TRAVIS MORGAN, | \* | |
| | \* | |
| Petitioner, | \* | |
| v. | \* | |
| | \* | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for petitioner.
*Darryl R. Wishard*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 9, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination he received on November 5, 2013. On May 4, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 37).

On June 6, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests total attorneys' fees and costs in the amount of $72,894.86, which includes attorneys' fees in the amount of $50,832.50 and attorneys' costs and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

advances in the amount of $22,062.36.  (ECF No. 42-2, pp 17-18.)  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  (ECF No. 42-5.)

On June 15, 2016, respondent filed a response to petitioner's motion.  (ECF No. 43.)  Respondent disputed that petitioner's counsel should be compensated at forum rates.  *Id.* at 1.  Respondent "asserts that a reasonable amount for fees and costs in the present case would fall between $41,000.00  to $46,000.00."  *Id.* at 12-13.  Indeed, "petitioners in comparable cases have been awarded far less in fees and costs tha[n] the range proposed by respondent here," citing three prior cases, all of which had stipulated fees.  *Id.* at 13.

On July 6, 2016, petitioner filed a reply.  (ECF No. 45.)  Petitioner disputed respondent's contention regarding local versus forum rates and further argued that respondent's proposed range for fees in this case is arbitrary. *Id*. at 1-25.  Petitioner also submitted supplemental billing reflecting fees and costs in the amount of $3,090.44 incurred preparing petitioner's reply brief, including $3,065.00 in fees and $25.44 in costs, bringing the total requested amount of attorneys' fees and costs to $75,985.30.  (ECF No. 45-2.)

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application.[3]  However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016.  The reasoning in the *Henry* decision is adopted for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's application.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs.  But consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate reduction for travel time and for 2016 law clerk and paralegal rates.

In June of 2015, Mr. Cochran billed a total of 9.4 hours for travel time at a full rate of $345, amounting to $3,243.00.  (ECF No. 42-2, p. 4.)  The undersigned reduces the billing rate by 50%.  *See, e.g.*, *Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at

---

[3] Petitioner also requests compensation for Kristine E. Nelson, an associate in the McLaren firm, at a rate of $315.00 per hour for 10.3 hours of time in 2015.  (ECF No. 42-2, pp. 9-10.)  The undersigned notes that Ms. Nelson's hourly rate was not addressed in the undersigned's *Henry* decision.  Upon review of the instant application, and based on the undersigned's experience in evaluating fee applications in the Vaccine Program, the undersigned has determined that Ms. Nelson's requested rate is consistent with the reasoning set forth in that decision.

\*24 (special masters consistently award compensation for travel time at 50% of the billing rate).  This results in a reduction of $1,621.50.

Additionally, in 2016 petitioner's counsel billed 13.3 hours of paralegal time at a rate of $150 per hour, amounting to $1,995.00.  (ECF Nos. 42-2, pp. 11-17; 45-2, pp. 1-2.)  Adjusting the hourly rate to $145 reduces the total amount to $1,928.50, a decrease of $66.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 171.6 total hours): | $53,897.50 |
| Less 50% rate reduction for 9.4 travel hours: | -$1,621.50 |
| Less 2016 paralegal rate reduction: | -$66.50 |
| Adjusted total: | $52,209.50 |
| Requested costs: | +$22,087.80 |
| **Total Attorneys' Fees and Costs Awarded:** | **$74,297.30** |

**Accordingly, the undersigned awards a total of $74,297.30,[4] representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                          <u>s/Nora Beth Dorsey</u>
                                            Nora Beth Dorsey
                                            Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.